UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUNKIN' DONUTS FRANCHISED
  RESTAURANTS LLC,
  a Delaware Limited Liability Company,
DUNKIN' DONUTS FRANCHISING LLC,
  a Delaware Limited Liability Company,
DD IP HOLDER LLC,
  a Delaware Limited Liability Company,

       Plaintiffs,

   - v -

HUDSON VALLEY DONUTS, INC.,
  a New York Corporation,
DONUTS OF BEACON, INC.,
  a New York Corporation,
DONUTS OF EAST FISHKILL, LLC,
  a New York Limited Liability Company,
DONUTS OF ROUTE 9, LLC,
  a New York Limited Liability Company,
DONUTS OF FISHKILL, LLC,
  a New York Limited Liability Company,
DONUTS OF 52, LLC,
  a New York Limited Liability Company,
JOSEPH DEANGELIS,
  a resident of New York, and
NICHOLAS PALOMBA,
  a resident of New York,

       Defendants.

**ANSWER TO
AMENDED COMPLAINT**

08 Civ. 209 (CLB)

**JURY TRIAL DEMANDED**

  The above-named defendants, HUDSON VALLEY DONUTS, INC. ("HV Donuts"), DONUTS OF BEACON, INC. ("Donuts of Beacon"), DONUTS OF EAST FISHKILL, LLC ("Donuts of East Fishkill"), DONUTS OF ROUTE 9, LLC ("Donuts of Route 9"), DONUTS OF FISHKILL, LLC ("Donuts of Fishkill"), DONUTS OF 52 ("Donuts of 52") (hereinafter the aforementioned six corporate defendants are sometimes referred to collectively as the "HV

Donuts Group"), JOSEPH DeANGELIS ("Mr. DeAngelis") and NICHOLAS PALOMBA ("Mr. Palomba") (hereinafter, the HV Donuts Group, Mr. DeAngelis and Mr. Palomba are sometimes referred to collectively as the "defendants"), by and through their attorneys, BRYAN CAVE, by Mark Leadlove, Esq., and CARTUSCIELLO & ASSOCIATES, P.C., by Neil S. Cartusciello, Esq., as and for their Answer to the Amended Complaint (hereinafter, the "Complaint") of Plaintiffs DUNKIN DONUTS FRANCHISED RESTAURANTS LLC, DUNKIN DONUTS FRANCHISING LLC, DD IP HOLDER LLC (hereinafter collectively referred to as "plaintiffs") do state and pray as follows:

Unnumbered paragraph following the heading entitled "Amended Complaint": The paragraph immediately after the heading entitled "Amended Complaint" warrants no response and should be stricken as it is not "a short and plain statement of the grounds upon which the court's jurisdiction depends," or "a short and plain statement of the claim showing that the pleader is entitled to relief," or a "demand for judgment for the relief the pleader seeks," as required by Rule 8(a) of the Federal Rules of Civil Procedure. In any event, defendants deny the allegations in this paragraph and specifically state that the Amended Complaint does not properly allege trademark infringement, trade dress infringement or unfair competition, and that plaintiffs' claims for alleged breach of contract are outside the jurisdiction of this Court.

### DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS REGARDING PARTIES

1.  Defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 1 of the Complaint and on that basis deny such allegations, except that defendants admit, upon information and belief, that: (a) Dunkin' Donuts franchisees are licensed to use certain names and marks of Dunkin' Donuts and to operate in the Dunkin' Donuts system; (b) the franchisees are engaged in the production, merchandising, and sale of

donuts and related products in specially designed buildings with special layouts, interior and exterior accessories, products, management programs, standards, specifications, marks, designs and identification.

2.	Defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 2 of the Complaint and on that basis deny such allegations, except that defendants admit, upon information and belief, that: (a) Dunkin' Donuts franchisees are licensed to use certain names and marks of Dunkin' Donuts and to operate in the Dunkin' Donuts system; (b) the franchisees are engaged in the production, merchandising, and sale of donuts and related products in specially designed buildings with special layouts, interior and exterior accessories, products, management programs, standards, specifications, marks, designs and identification.

3.	Defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 3 of the Complaint and on that basis deny such allegations.

4.	Defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 4 of the Complaint and on that basis deny such allegations, except that defendants admit, upon information and belief, that: (a) Baskin-Robbins franchisees are licensed to use certain names and marks of Baskin-Robbins and to operate in the Baskin-Robbins system; (b) the franchisees are engaged in the production, merchandising, and sale of ice cream and related products in specially designed buildings with special layouts, interior and exterior accessories, products, management programs, standards, specifications, marks, designs and identification.

5.	Defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 5 of the Complaint and on that basis deny such allegations.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint and aver that HV Donuts is the owner of a Dunkin' Donuts shop located at 807 State Route 82, Hopewell Junction, New York.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint and aver that Donuts of Beacon is the owner of a Dunkin' Donuts shop located at 388 Fishkill Avenue, Beacon, New York.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint and aver that Donuts of East Fishkill is the owner of a Dunkin' Donuts shop located at 1495 State Route 52, Hopewell Junction, New York.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint and aver that Donuts of Route 9 is the owner of a Dunkin' Donuts shop located at 747 Route 9 South, Fishkill, New York.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint and aver that Donuts of Fishkill is the owner of a Dunkin' Donuts shop located at 680 Route 9, Fishkill, New York.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint and aver that Donuts of 52 is the owner of a Dunkin' Donuts shop located at 2953 Route 52, Hopewell Junction, New York.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint, except that defendants admit that Joseph DeAngelis: (i) is a natural person and a citizen and resident of the State of New York; (ii) is an officer and shareholder of Hudson Valley Donuts, Inc. and Donuts of Beacon, Inc.; (iii) is an officer and member of Donuts of East Fishkill, LLC, Donuts of Route 9, LLC, Donuts of Fishkill, LLC and Donuts of Route 52, LLC; and (iv)

personally guaranteed some of the obligations of the aforementioned entities pursuant to executed personal guarantees.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except that defendants admit that Nicholas Palomba: (i) is a natural person and a citizen and resident of the State of New York; (ii) is an officer and shareholder of Hudson Valley Donuts, Inc. and Donuts of Beacon, Inc.; (iii) is an officer and member of Donuts of East Fishkill, LLC, Donuts of Route 9, LLC, Donuts of Fishkill, LLC and Donuts of Route 52, LLC; and (iv) personally guaranteed some of the obligations of the aforementioned entities pursuant to executed personal guarantees.

### DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS REGARDING JURISDICTION AND VENUE

14. As paragraph 14 of the Complaint contains only asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto. Defendants nonetheless: (a) deny that this Court has jurisdiction under the Lanham Act; (b) deny that this Court has jurisdiction under 28 U.S.C. § 1332(a); and (c) deny that the amount in controversy exceeds $75,000.

15. As paragraph 15 of the Complaint contains only asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto. Defendants nonetheless admit that they conduct business in this district.

16. As paragraph 16 of the Complaint contains only asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto.

5

## DEFENDANTS' RESPONSES TO PLANTIFFS' ALLEGED BACKGROUND FACTS

### Defendants' Responses to Plaintiffs' Allegations Regarding The Alleged "Dunkin' Donuts System"

17. On information and belief, defendants deny the allegations contained in paragraph 17.

18. Defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 18 of the Complaint and on that basis deny such allegations.

19. To the extent that paragraph 19 of the Complaint contains asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto. Defendants admit that certain names and designs associated with Dunkin' Donuts are distinctive and famous. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 19 of the Complaint and on that basis deny such allegations.

20. To the extent that paragraph 18 of the Complaint contains asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto. Defendants admit that certain names and designs associated with Dunkin' Donuts are used in interstate commerce. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 20 of the Complaint and on that basis deny such allegations.

21. To the extent that paragraph 21 of the Complaint contains asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto. Defendants admit that certain names and designs associated with Dunkin' Donuts have been widely advertised and promoted at certain times. In

all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 21 of the Complaint and on that basis deny such allegations.

22. To the extent that paragraph 22 of the Complaint contains asserted legal conclusions, no response is required. Defendants admit that Dunkin' Donuts shops generally feature certain styles and designs, including a pink and orange color scheme and "frankfurter" lettering style. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 22 of the Complaint and on that basis deny such allegations.

23. Defendants admit that many members of the public know and recognize names and designs associated with Dunkin' Donuts shops and associate them with products and services offered by Dunkin' Donuts franchisees. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 23 of the Complaint and on that basis deny such allegations.

### Defendants' Responses to Plaintiffs' Allegations Regarding Defendants' Alleged Obligations Under the Franchise Agreements

24. To the extent that paragraph 24 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 24 of the Complaint and on that basis deny such allegations.

25. To the extent that paragraph 25 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information

to form a belief as to the truth of allegations contained in paragraph 25 of the Complaint and on that basis deny such allegations.

26. To the extent that paragraph 26 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 26 of the Complaint and on that basis deny such allegations.

27. To the extent that paragraph 27 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 27 of the Complaint and on that basis deny such allegations.

28. To the extent that paragraph 28 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 28 of the Complaint and on that basis deny such allegations.

29. To the extent that paragraph 29 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 29 of the Complaint and on that basis deny such allegations.

30. To the extent that paragraph 30 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 30 of the Complaint and on that basis deny such allegations.

31. To the extent that paragraph 31 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 31 of the Complaint and on that basis deny such allegations.

32. To the extent that paragraph 32 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 32 of the Complaint and on that basis deny such allegations.

33. To the extent that paragraph 33 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. To the extent that paragraph 33 of the Complaint contains asserted legal conclusions, no response is required. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 33 of the Complaint and on that basis deny such allegations.

34. To the extent that paragraph 34 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those

agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 34 of the Complaint and on that basis deny such allegations.

35. To the extent that paragraph 35 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 35 of the Complaint and on that basis deny such allegations.

### Defendants' Responses to Plaintiffs' Allegations Regarding The Alleged Multiple Unit Store Development Agreements

36. Defendants admit: (i) that on or about June 4, 2003, Nicholas Palomba signed a certain Store Development Agreement (hereinafter, the "Dutchess County SDA"); and (ii) that the Dutchess County SDA was amended on or about May 31, 2006. Defendants deny that they engaged in breaches of any of the Franchise Agreements, and further deny that they breached the Dutchess County SDA or any other Store Development Agreement. To the extent that paragraph 36 of the Complaint purports to describe or interpret one or more written agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 36 of the Complaint and on that basis deny such allegations.

37. Defendants admit that on or about June 7, 2007, Nicholas Palomba signed a certain Store Development Agreement (hereinafter, the "Pleasant Valley SDA"). Defendants deny that they engaged in breaches of any of the Franchise Agreements, and further deny that they breached the Pleasant Valley SDA or any other Store Development Agreement. To the extent that paragraph 37 of the Complaint purports to describe or interpret one or more written

agreements, no response is required and defendants refer plaintiffs to those agreements for the contents thereof. In all other respects, defendants lack sufficient information to form a belief as to the truth of allegations contained in paragraph 37 of the Complaint and on that basis deny such allegations.

**DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS REGARDING DEFENDANTS' ALLEGED "DEFAULTS"**

38.  Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.  Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.  Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.  Defendants admit that on or about January 10, 2008, counsel for Dunkin' Donuts Franchised Restaurants LLC sent defendants a letter denominated "Notice of Default and Termination." To the extent that paragraph 41 of the Complaint purports to describe or interpret that letter, no response is required and defendants refer plaintiffs to that letter for the contents thereof. In all other respects, defendants deny the allegations contained in paragraph 41 of the Complaint.

42.  Defendants admit that on or about February 6, 2008, counsel for Dunkin' Donuts Franchised Restaurants LLC sent defendants a letter denominated "Supplemental Notice of Default and Termination." To the extent that paragraph 42 of the Complaint purports to describe or interpret that letter, no response is required and defendants refer plaintiffs to that letter for the contents thereof. In all other respects, defendants deny the allegations contained in paragraph 42 of the Complaint.

**DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS DENOMINATED "COUNT I" AND PURPORTING TO DESCRIBE AN ALLEGED "BREACH OF CONTRACT—FRANCHISE AGREEMENTS"**

43.   Defendants responses to the allegations contained in paragraphs 1 through 42 of the Complaint are hereby incorporated by reference.

44.   Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.   Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.   Defendants deny the allegations contained in paragraph 46 of the Complaint.

### DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS DENOMINATED "COUNT II" AND PURPORTING TO DESCRIBE AN ALLEGED "BREACH OF CONTRACT—SDAs"

47.   Defendants responses to the allegations contained in paragraphs 1 through 46 of the Complaint are hereby incorporated by reference.

48.   Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.   Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.   Defendants deny the allegations contained in paragraph 50 of the Complaint.

### DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS DENOMINATED "COUNT III" AND PURPORTING TO DESCRIBE AN ALLEGED "TRADEMARK INFRINGEMENT"

51.   Defendants responses to the allegations contained in paragraphs 1 through 50 of the Complaint are hereby incorporated by reference.

52.   Defendants deny the allegations contained in paragraph 52 of the Complaint, and assert that to the extent that paragraph 52 contains asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto.

53.   Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.   Defendants deny the allegations contained in paragraph 54 of the Complaint.

### DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS DENOMINATED "COUNT IV" AND PURPORTING TO DESCRIBE ALLEGED "UNFAIR COMPETITION"

55.     Defendants responses to the allegations contained in paragraphs 1 through 54 of the Complaint are hereby incorporated by reference.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint, and assert that the extent that paragraph 56 contains asserted legal conclusions, no response is required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

### DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGATIONS DENOMINATED "COUNT VI" AND PURPORTING TO DESCRIBE AN ALLEGED "TRADE DRESS INFRINGEMENT"

59.     Defendants responses to the allegations contained in paragraphs 1 through 58 of the Complaint are hereby incorporated by reference.

60.     Defendants admit that their shops are identified by signs, exterior appearance, packaging, containers, and other items on which the words "Dunkin' Donuts" appear in the same or similar lettering style and in the same or similar distinctive color scheme as Dunkin' uses for other donut shops operated by Dunkin' franchisees and licensees. Defendants aver that they have used and continue to use these signs, exterior appearance, packaging, containers, and other items with the express approval of Dunkin'.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint, and assert that the extent that paragraph 61 contains asserted legal conclusions, no response is

required and defendants refer plaintiffs to the applicable statutes and decisional law for their responses thereto.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

## DEFENDANTS' RESPONSES TO PLAINTIFFS' "PRAYER FOR RELIEF"

In response to Plaintiffs' prayer for relief, Defendants respectfully submit to this Honorable Court that:

a. Plaintiffs are not entitled to a declaratory judgment, as they seek in paragraph (a) of their prayer for relief, and, accordingly, their prayer for a declaratory judgment should be denied and stricken;

b. Plaintiffs are not entitled to a judgment for damages, as they seek in paragraph (b) of their prayer for relief, and, accordingly, their prayer for such a judgment should be denied and stricken;

c. Plaintiffs are not entitled to an injunctive order "ratifying and enforcing the termination of the Franchise Agreements as of the effective date of the Notice of Termination or otherwise, as they seek in paragraph (c) of their prayer for relief, and, accordingly, their prayer for such an order should be denied and stricken;

d. Plaintiffs are not entitled to an order "[e]njoin[ing] Defendants and all those acting in concert with them from infringing upon Dunkin's trademarks, trade dress, and trade names and from otherwise engaging in unfair competition with Dunkin'," as they seek in paragraph (d) of their prayer for relief, and, accordingly, their prayer for such an order should be denied and stricken;

  e. Plaintiffs are not entitled to the injunctive order that they seek in paragraph (e) of their prayer for relief –to wit, an order "directing Defendants to comply with their post-termination obligations under any contract with Plaintiffs, including but not limited to the Franchise Agreements, Lease Riders, and Lease Option Agreements"—and, accordingly, their prayer for entry of such an injunctive order should be denied and stricken;

  f. Plaintiffs are not entitled to a judgment for damages or a separate accounting and trebling as they seek in paragraph (f) of their prayer for relief, and, accordingly, their prayer for such a judgment should be denied and stricken;

  g. Plaintiffs are not entitled to an award of prejudgment interest, as they seek in paragraph (g) of their prayer for relief, and, accordingly, their prayer for such an award should be denied and stricken;

  h. Plaintiffs are not entitled to an award of exemplary or punitive damages, as they seek in paragraph (h) of their prayer for relief, and, accordingly, their prayer for such an award should be denied and stricken;

  i. Plaintiffs are not entitled to an award of costs and attorneys' fees incurred in connection with this action under either a contract or section 35 of the Lanham Act, as they seek in paragraph (i) of their prayer for relief, and, accordingly, their prayer for such an award should be denied and stricken;

  j. Plaintiffs are not entitled to any other relief, as they seek in paragraph (j) of their prayer for relief, and, accordingly, their prayer for such relief should be denied and stricken.

## SEPARATE AND/OR AFFIRMATIVE DEFENSES

  1. The Complaint fails to state a claim upon which relief can be granted.

2. Because of the arbitration provisions in all agreements upon which the claims alleged in the Complaint are based, this Honorable Court should dismiss this action and leave the parties to their chosen remedy of arbitration for the resolution of the claims alleged in the Complaint, in accordance with those provisions.

3. This Honorable Court lacks subject matter jurisdiction over the claims alleged in the Complaint.

4. The claims alleged in the Complaint for trademark infringement under the Lanham Act and state law are premature and not adjudicable.

5. The claims alleged in the Complaint for unfair competition under the Lanham Act and state law are premature and not adjudicable.

6. The claims alleged in the Complaint for trade dress infringement under the Lanham Act and state law are premature and not adjudicable.

7. The claims alleged in the Complaint are barred by the doctrine of unclean hands.

8. The claims alleged in the Complaint are barred by the doctrine of laches.

9. The claims alleged in the Complaint are barred by applicable statutes of limitations.

10. The claims alleged in the Complaint are barred by the doctrines of waiver and acceptance.

11. The claims alleged in the Complaint are barred by the doctrines of estoppel and waiver.

12. The claims alleged in the Complaint are barred by the doctrine of unconscionability.

Case 7:08-cv-00209-CS  Document 26  Filed 04/21/2008  Page 17 of 19

13. Plaintiffs have commenced audits and investigations of the business operations of defendants for the purpose of finding a means to deprive defendants of the benefits of the agreements on which plaintiffs now purport to base their claims. By such conduct, plaintiffs have materially breached, and have failed to discharge their obligations under, the agreements on which they now purport to base their claims. As a result, plaintiffs have waived any right that they may have had to bring an action against the defendants for alleged breaches of those agreements, and are estopped both legally and equitably from bringing such an action.

14. Defendants hereby incorporate by reference the allegations of paragraphs 1 through 13 of these separate and/or affirmative defenses. By the conduct described above, plaintiffs have materially breached their covenant of good faith and fair dealing with the defendants. As a result, plaintiffs have waived any right that they may have had to bring an action against the defendants for alleged breaches of those agreements, and are estopped both legally and equitably from bringing such an action.

15. The Franchise Agreements provide defendants with an opportunity to cure the alleged defaults claimed by plaintiffs. Accordingly, there has been no breach of those agreements and defendants have a right to cure.

WHEREFORE, Defendants pray that this Honorable Court enter an order:

a. Dismissing this action in its entirety;

b. Awarding Defendants their costs and expenses, including attorneys' fees, incurred in connection with this action; and

c. Granting Defendants such other and further relief as this Court may deem just and proper.

17

Dated: April 21, 2008

                                            CARTUSCIELLO AND ASSOCIATES, P.C.
                                            470 Park Avenue South—Suite 4N
                                            New York, NY 10016
                                            Tel.: (212) 532-8203
                                            Fax: (973) 543-8201

                                            By: _____
                                                 Neil S. Cartusciello

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all causes of action and defenses so triable that are raised by the pleadings herein.

Dated: April 21, 2008

CARTUSCIELLO AND ASSOCIATES, P.C.<br>
470 Park Avenue South—Suite 4N<br>
New York, NY 10016<br>
Tel.: (212) 532-8203<br>
Fax: (973) 543-8201<br><br>
By: _____<br>
Neil S. Cartusciello